THE STATE *ex rel.* HENRY RICE *et al.*, Appellants, v. HENRY F. HARRINGTON *et al.*, Respondents.

**St. Louis Court of Appeals, December 20, 1887.**

1. ATTACHMENTS—PRIORITY.—Where there are several attachments against the same defendant, the writ first levied is *prima facie* entitled to priority in satisfaction, regardless of the order in which the writs came to the hands of the officer. But when two or more of such writs come into the hands of the same officer, it is his duty to levy first the one first received. If he violates this rule, it is at his peril, and the court may, under Revised Statutes, section 447, restore the rights of the party prejudiced.

2. SHERIFF—RETURN MUST CONFORM TO FACTS.—A sheriff must not, in his return on a writ of attachment, misstate the facts, even though the result may tend to secure the true legal rights of the parties.

3. ——— FALSE RETURN.—If a sheriff returns that the levies on two several writs were cotemporaneous, when, in fact, one levy was precedent to the other, the plaintiff whose writ was first levied may maintain an action against the officer for a false return. If, however, the levy thus made was wrongly precedent, there can be no recovery of substantial damages.

4. SHERIFF'S DEPUTIES—PRIORITY OF ACTS, AS BETWEEN.—The acts of a sheriff's deputies must be regarded as the acts of the sheriff; and a struggle for priority of action between two deputies can effect nothing on the ground of superior diligence, as to any rights of the parties in litigation.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Reversed, and judgment.*

KRUM & JONAS, for the appellants: It was the duty of the sheriff to have levied the oldest writ first, but having levied first under the junior writ of attachment, he established a charge or lien for appellants. *Field v. Milburn*, 9 Mo. 495–6; *Kilby v. Haggin*, 3 J. J. Marsh. 212; *Payne v. Drew*, 4 East, 538; *Whitney v. Butter-*

*field*, 13 Cal. 335 ; *Ensworth v. King*, 50 Mo. 482 ; *Nutter v. Connett*, 3 B. Mon. 203 ; *Pond v. Griffin*, 1 Ala. 678 ; *Crowninshield v. Strobel*, 2 Brev. 80 ; *Robertson v. Forest*, 2 Brevard, 466 ; *Crocker v. Radcliffe*, 3 Brevard, 27 ; *Gates v. Bushnell*, 9 Conn. 535 ; Drake Att. [6 Ed.] sec. 263 ; *Douglass v. Orr*, 58 Mo. 573 ; Drake on Att. [6 Ed.] sec. 221 ; *Tuffts v. Manlove*, 14 Cal. 50–1 ; *Ray v. Harcourt*, 19 Wend. 947. The law recognizes a moment of time with reference to the levy of an attachment, and that which is first levied in point of time secures the oldest lien. *Lackey v. Seibert*, 23 Mo. 92 ; *Huxley v. Harrold*, 62 Mo. 521 ; *Hall v. Stephens*, 65 Mo. 681–2 ; *Brainard v. Bushnell*, 11 Conn. 24 ; *Tuft, v. Caradine*, 3 La. Ann. 431 ; *Callahan v. Hallowell*, 3 Bay [S. C.] 9. As between the two attaching creditors, the maxim, "*vigilantibus, non dormientibus jura subveniunt,*" applied. *Field v. Milburn*, 9 Mo. 496 ; *Kilby v. Haggin*, 3 J. J. Marsh. 212 ; *Bruce v. Vogel*, 38 Mo. 105 ; *Smith v. Lind*, 29 Ill. 30. If the two writs of attachment were levied cotemporaneously, then each writ was entitled to hold a moiety of the goods levied on, and the return of the sheriff should have established an equal lien for each, and not have made appellants' levy subject to the bank's levy. *Shove v. Dow*, 13 Mass. 534 ; Drake on Att. [6 Ed.] sec. 263 ; *Rockwood v. Varnum*, 17 Pick. 294 ; *Wilson v. Blake*, 53 Vt. 313 ; *True v. Emery*, 67 Me. 31. Under section 447, Revised Statutes, 1879 (sec. 50, ch. 141, Gen. Stat. 1865, and sec. 50, p. 191, 1 Wag. Stat.), a mode is provided for settling all questions of priority, or force and effect of different attachments ; and where an officer neglects these provisions and decides the questions himself, he does so at his own peril. *Howard v. Clark*, 43 Mo. 349 ; *Metzner v. Graham*, 57 Mo. 411 ; Drake on Att. [6 Ed.] sec. 263*a* ; *Kelly v. Railroad*, 70 Mo. 608 ; *Jackson v. Hardin*, 83 Mo. 185–86 ; *Whitney v. Butterfield*, 13 Cal. 335. The sheriff and his sureties are liable to the appellants to the extent of their damage for the false return made upon appellants' writ by the

sheriff, *i. e.*, to the amount of the original debt due to appellants from Frank.   2 Sedgwick on Dam. [7 Ed.] secs. 505 to 508; *Marshall v. Simpson*, 13 La. An. 437; *Whitaker v. Sumner*, 9 Pick. 312; *Perkins v. Pitman*, 34 N. H. 261.

E. T. FARISH, for the respondents: The effect of the action of the sheriff was to give priority to the levy under the oldest writ in his hands, to-wit, the attachment in favor of the Fourth National Bank.   No other or different action could have been taken by the sheriff, consistent with the rights of the parties and his duty in the premises.   Where two or more writs of attachment are issued about the same time, and so near together that but for the terms of the returns they would be considered as having been simultaneously made, the officer has the right to indicate the order in which he served them by returning his attachment under one as subject to an attachment under another, and if he so returned them in the order in which he received them, he gives them their rightful precedence.   *Thurston v. Huntington*, 17 N. H. 438.   Where several attachments against the same defendant come into the hands of the same officer in succession, it is the duty of the officer to execute them in the order in which they were received. *Kennon v. Ficklin*, 6 B. Mon. 414.

ROMBAUER, J., delivered the opinion of the court.

This is an action on the sheriff's official bond to recover damages caused by his false return on a writ of attachment.   The facts are substantially uncontroverted. One Henry Frank, a merchant, being in embarrassed circumstances, and subjecting himself to proceedings by attachment, the Fourth National Bank of this city sued out a writ of attachment against him, and caused the same to be placed in the hands of the sheriff for service, November 21, 1885.   Shortly thereafter, and on the same day, the plaintiffs also sued out a writ of

attachment against Frank, and caused the same to be
placed in the hands of the sheriff for immediate service.
The first writ was handed for service to deputy Mead,
the second to deputy Fitzwilliams.   When Fitzwilliams
arrived with the second writ at Frank's store he found
Mead engaged in trying to force the door.   He there-
upon passed to the rear of the store and tried to force
one of the shutters.   Mead being advised by the presi-
dent of the bank, who was present, that Fitzwilliams
was likely to get in ahead of him, thereupon abandoned
the door and started for the shutter.   When he came
there the shutter was forced and Fitzwilliams jumped
into the store, closely followed by Mead, and both dep-
uties made a declaration of levy.   The evidence tended ·
to show that plaintiffs were aware that the writ in favor
of the Fourth National Bank was issued prior to the
one in their favor; that Mead declared when Fitzwil-
liams came with the writ, "I am here first, I have
possession, and I am going to get in first;" that
Fitzwilliams first reached the floor of the store, and
made the first declaration, and that Mead stated that
he levied on behalf of the Fourth National Bank, sub-
ject to the first writ.   The two declarations were nearly
cotemporaneous.

   The sheriff made the following return on the writ of
attachment sued out by plaintiffs and executed by deputy
Fitzwilliams :

   "Executed this writ in the city of St. Louis this
twenty-first day of November, 1885, at 10:53 A. M.,
cotemporaneous with attachment No. 402, circuit court,
to December term, 1885, but subject thereto, by levying
upon, seizing, and taking into my custody, as property
of defendant, at No. 702 7th street, the following
described personal property, viz : Fixtures, desks,
tables, stoves, coats, pants, and vests, linings, buckles,
buttons, thread, piece goods, cut lining, and clothing,
and other miscellaneous goods and articles."

   "Further executed this writ in the city of St. Louis
this twenty-first day of November, 1885, at 1:15 P. M.,

by levying on, seizing, and taking into my possession, at 810 N. 6th street, as property of defendant, the following described personal property, to-wit: 58 pieces jeans, 20 pieces of lining, and one box buttons," and this is the return alleged to be false and complained of.

It is conceded that the attachment in favor of the Fourth National Bank exhausted the property and that plaintiffs realized nothing on their attachment; that if plaintiffs' attachment is entitled to priority they were deprived of that priority by the sheriff's return, and as the amount realized from the goods attached would have been, if applied to their claim, sufficient to pay it, that they have a valid cause of action in that event against the sheriff for the whole amount of their claim, provided his return is false.

Upon this evidence the court instructed the jury to return a verdict for defendants, which they did. The only question presented by this appeal is whether such instruction was warranted.

It is conceded upon the argument by appellants that it was the duty of the sheriff to levy the writ of attachment which first came to his hands, first. They claim, however, that the evidence tends to show that the sheriff failed to comply with that duty and levied the writ in their favor first; that by the levy thus made they acquired a prior lien, which the sheriff, by making a return contrary to the facts, rendered ineffectual, and by thus depriving them of the benefit of their lien rendered himself and his sureties liable as upon a false return.

The following propositions applicable to the facts have been adjudicated here and elsewhere: That nothing short of an actual attachment of the goods can create a lien, and that the attachment can be made only by some act of the officer serving the writ, which in legal contemplation is equivalent to the actual possession and custody of the property. *Gate v. Bushnell*, 9 Conn. 530, 535. That an officer cannot make a valid levy by standing before a locked door of a store and declaring a

levy on the goods within. *Taffts v. Manlove*, 14 Cal. 50, 51. That an attachment first levied is entitled to the prior lien regardless of the date of the issue of the writs or their delivery to the officer. *Crowninshield v. Strobel*, 2 Brev. 80 ; *Crocker v. Radcliffe*, 3 Brev. 26 ; *Nutter v. Connet*, 3 B. Mon. 203 ; *Field v. Milburn*, 9 Mo. 496. That superior diligence in these cases confers a superior right. *Field v. Milburn, supra ; Bruce v. Vogel*, 38 Mo. 105 ; *Smith v. Lind*, 29 Ill. 30. That the exact time at which attachments are levied, when they are levied on the same day, may be shown by parol so as to determine their priority. *Brainard v. Bushnell*, 11 Conn. 24. That when two writs of attachment are levied cotemporaneously each of them is entitled to hold a moiety of the goods. Drake on Att., sec. 263 ; *Rockwood v. Varnum*, 17 Pick. 294 ; *Shove v. Dow*, 13 Mass. 534 ; *Wilson v. Blake*, 53 Vt. 313 ; *True v. Emery*, 67 Me. 31.

Our statute provides that, where the same property is attached in several actions by different plaintiffs against the same defendant, the court may settle and determine the controversies which may arise between any of the plaintiffs in relation to the property, and the priority, validity, good faith, force and effect of the different attachments, or may dissolve any attachment partially or wholly, or postpone it to another, or make such order in the premises as right and justice may require. Gen. Stat., 1879, sec. 447. It has been held under this statute that where an officer neglects these provisions and decides the question himself he does so at his own peril. *Howard v. Clark*, 43 Mo. 349 ; *Metzner v. Graham*, 57 Mo. 411. This, however, was in cases where the determination of the sheriff was erroneous, and where it was apparent that the court would, or ought to have, come to a different conclusion if appealed to under the statute.

Applying the law, as thus found, to the facts of this particular case and the following result is apparent : There was evidence tending to show that the writ of plaintiffs was first levied, and that, therefore, the return

made by the sheriff, which stated the levies as co-temporaneous, was not true in point of fact. There was further evidence tending to show that the bank's writ was levied subject to the writ of plaintiffs, and that, therefore, the return of the sheriff that the latter writ was levied subject to the former was not true in point of fact. Nor would the return be true, in point of law, if the two levies were cotemporaneous. The facts thus shown, if true, warrant a judgment for plaintiffs, and as there was evidence to establish them the instruction of the court ordering a verdict for the defendants was erroneous. This necessitates a reversal of the judgment.

But it by no means follows that, even if all these facts are true, the plaintiffs are entitled to recover substantial damages.

We must deny the proposition that the plaintiffs would have acquired a valid first lien on the goods, even if the sheriff had made a different return. On the contrary, we are clear that their lien, under the conceded facts of the case, would have been subordinate to that of the Fourth National Bank, and that it would have been the duty of the court so to declare, if its attention had been called to the facts, under the provisions of the statute hereinabove recited.

The two writs, in contemplation of law, were delivered to the same officer, although delivered to different deputies, and it was his duty to serve the first writ first. He was engaged in the performance of that duty, intending so to serve the writ, and using all reasonable diligence for that purpose. There was no superior diligence on part of plaintiffs in discovering goods, or in any other manner, which would give them superior rights. There was a superior alacrity on part of one deputy of the same officer, in jumping through the window and making a declaration, an alacrity which, under the particular facts of the case, is not to be commended. If the court's attention had been called to these facts, by motion, it would have been its duty to

declare that the order in which the declarations of levy were made was a mistake, and to establish by appropriate order the precedence of the lien of the Fourth National Bank. Either party might have thus called the attention of the court to the facts, but neither doing so does not change the substantial rights of the parties. Any other construction would set aside the clear intent of the law to give effect to mere form.

The identical proposition was passed upon in *Kennon v. Ficklin* (6 B. Mon. 415), where the court says : "While it is conceded that in the case of distinct officers, the first levy gives the prior lien, yet in the case of the same officer, in the discharge of impartial justice between litigants, it is his duty, and that of his deputies, to levy that first which first came to his or their hands ; and if his deputy levies the junior execution first, it is his duty, upon being apprised of the fact, to pay the money to the plaintiff in the senior execution, as was determined by this court in the case of *Million v. Commonwealth for the use of Withers* (1 B. Monroe, 310). Though there is not a perfect analogy between the execution of original process or process of attachment, and the levy of an execution, as the office of sheriff is one, and his deputies his own agents, it is his duty, in the discharge of impartial justice between litigants, to execute, and require his deputies to execute, all process in the order in which it comes to the hands of either. And the statute, with a view to preserve the time, requires the sheriff to endorse on the process the time of its reception."

It results that, under the conceded facts in this case, the plaintiffs were not entitled to recover substantial damages, and as no useful purpose can be subserved by remanding the case, the judgment will be reversed and judgment entered in this court in favor of plaintiffs for one cent damages and costs. It is so ordered. All concur.