**STATE of Missouri ex rel. Ethel RATLIFF (Plaintiff), Appellant,**

**v.**

**William A. MORANT and Standard Accident Insurance Company of Detroit, Michigan, a Corporation, Surety (Defendants), Respondents.**

No. 28721.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1954.

Alphonse J. Lynch and Curtis C. Crawford, St. Louis, for appellant.

Silas E. Garner and J. D. Leritz, St. Louis, for respondents.

NOAH WEINSTEIN, Special Judge.

A landlord-tenant action was filed on July 13, 1950, by one William A. Cooper in the magistrate court of the City of St. Louis, Missouri, against Ethel Ratliff for the purpose of obtaining possession of premises owned by Cooper and occupied by Ethel Ratliff as tenant. The summons in that proceeding was returnable on July 27, 1950. This summons was returned by the constable showing no service on Ethel Ratliff. Thereafter an alias summons was issued returnable on August 11, 1950, which was also returned unserved. Thereafter an order of publication was issued returnable August 25, 1950. The first notice of this order of publication was posted in four public places on August 16, 1950, and on the 25th day of August, 1950, the case was called in the magistrate court but the defendant Ethel Ratliff failed to appear and answer. The magistrate court entered judgment for the plaintiff Cooper by default for restitution of the premises and for $127.

Thereafter on September 11, 1950, execution was issued by the magistrate court and delivered to the constable, William A. Morant, and on the 14th day of September, 1950, Ethel Ratliff, together with her belongings, was evicted from the premises involved in the magistrate court proceedings by constable Morant acting through his deputy.

Subsequently, Ethel Ratliff, appellant herein, filed an action in the Circuit Court of the City of St. Louis, Missouri, complaining that the above-described proceedings in the magistrate court were in violation of the applicable statutes concerning service of process and publication and that the judgment of the magistrate was void. Ethel Ratliff further alleged that the constable Morant, acting through his deputies, and pursuant to an illegal and void execution and in violation of the conditions of his official bond, did forcibly oust Ethel Ratliff from the premises occupied by her and removed her possessions from said premises to the street and sidewalk, thereby causing said property to be broken, damaged, and portions thereof to be lost, and that said Ethel Ratliff did further lose her sole means of support and income which she derived from the subleasing of portions of the premises occupied by her, all through the unlawful acts of said constable. In that proceeding Ethel Ratliff asked for judgment against the constable, William A. Morant, and the surety on his bond, Standard Accident Insurance Company of Detroit. The jury returned a verdict for the defendants Morant and the surety on his bond, and judgment was entered accordingly. It is this judgment which plaintiff-appellant seeks to have this court review.

■ Section 535.030 RSMo 1949 V.A.M.S. provides that in landlord-tenant actions, if the summons is returned unserved on the defendant, it is the duty of the magistrate to make an order directing notices be set up for ten days in four public places. The facts are undisputed that constable Morant, acting through his deputy, posted such notices on August 16, 1950, notifying Ratliff to appear in court on August 25, 1950. The case was called on August 25, 1950, and in the absence of defendant Ratliff, judgment was rendered against her by default. The action of the constable in posting such notices, which on their face showed that the defendant could receive only nine days' notice of the action, was in direct violation of the above statute. The posting of these notices by the constable, being a statutory equivalent of and substitute for personal service of summons, should be considered in the same light as the service of a defective summons. The service of a defective summons renders a subsequent default judgment void. Henman v. Westheimer, 110 Mo.App. 191, 85 S.W. 101, and Stanton v. Caplan, Mo. App., 164 S.W.2d 143. The act of the constable in posting a notice of publication, defective on its face, is the equivalent of improper service of summons by a constable and constitutes a breach of the constable's official duty upon which the law places a presumption of resulting damages in every instance. State ex rel. Armour Packing Co. v. Dickmann, 146 Mo.App. 396, 124 S.W. 29; State ex rel. Moore v. Morant, Mo. App., 266 S.W.2d 723.

■ Plaintiff at the trial below offered and the court correctly gave a verdict-directing instruction, since upon the admitted facts defendant Morant acted improperly in posting defective notices. It is presumed that at least nominal damages result from the breach of an official's duty. This court has said: "In this state nominal damages are allowed against officers for the most barren infraction of legal rights. As a judgment for nominal damages carries the costs of the litigation with it, the right to have nominal damages allowed for a breach of duty is regarded as a substantial right, for the invasion of which a judgment will be reversed even though it appears a substantial recovery may not be allowed." State ex rel. Armour Packing Co. v. Dickmann, supra. [146 Mo.App. 396, 124 S.W. 31.]

■ It is also well established that a judgment will not be reversed without a remand unless the record clearly shows

that the available essential evidence has been fully presented and that plaintiff cannot recover in any event. Ritzheimer v. Marshall, Mo.App., 168 S.W.2d 159. It affirmatively appears that the facts have been fully developed and that plaintiff had a full and just trial on the issue of substantial damages. There is no basis in this record for disturbing the jury's verdict on that issue. Plaintiff does not complain that any of her evidence was improperly excluded. Plaintiff does make the point that the court below erred in permitting defendants' attorney to argue to the jury that the posting of notices for less than ten days was a mere technicality and was not the fault of the defendant constable or his deputy. Plaintiff objected to this statement as being contrary to the court's instruction, whereupon the court states that the jury would be guided by the instructions. There was no request that the jury be discharged, or that counsel be reprimanded or rebuked, or that any further action be taken by the court in the matter. Even if counsel's statement to the jury was in conflict with the court's instructions, the court made it clear that the jury would be guided by its instructions on the law. We are of the opinion that, under the facts as stated, this did not constitute reversible error. Best v. Liverpool & London & Globe Ins. Co., Mo.App., 49 S.W.2d 230.

■ However, although plaintiff is concluded by the jury's verdict on the issue of substantial damages, she is entitled to recover nominal damages for the reasons stated above.

In State ex rel. Park National Bank v. Globe Indemnity Co., 332 Mo. 1089, 61 S.W.2d 733, a judgment for substantial damages rendered in a suit upon a notary public's bond was set aside because the injury did not result from the negligent act of the notary. The Supreme Court in reversing the judgment for substantial damages ordered the cause remanded with directions to the trial court to enter judgment for plaintiff for the amount of the bond to be satisfied upon the payment to plaintiff of one cent and costs. Similarly in State ex rel. and to Use of Wilkinson v. Central Surety & Ins. Corporation, 232 Mo.App. 748, 112 S.W.2d 607, a judgment for substantial damages for the breach of a notary's bond was held to be erroneous. The cause was remanded with directions to the trial court to enter judgment for plaintiff in the amount of the bond to be satisfied on the payment to plaintiff of the sum of one dollar and costs.

Section 512.160, subd. 3, RSMo 1949, V. A.M.S., provides: "The appellate court shall examine the transcript on appeal and, subject to the provision of subsections 1 and 2 of this section, award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, or give such judgment as such court ought to have given, as to the appellate court shall seem agreeable to law. Unless justice requires otherwise the court shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears."

Under this statute, it is our duty to order such judgment entered as in our opinion the trial court should have rendered. Howard National Bank & Trust Co. v. Jones, Mo. App., 238 S.W.2d 905, loc. cit. 911.

The judgment of the trial court is accordingly reversed and the cause remanded with directions to enter judgment for plaintiff for the amount of the bond to be satisfied upon the payment to plaintiff of one cent and costs.

ANDERSON, P. J., and BENNICK, J., concur.