STATE OF MISSOURI, TO THE USE OF MINA WOLFF, Respondent, v. JOHN FINN ET AL., Appellants.

February 13, 1883.

1. LIABILITY OF SHERIFF FOR FALSE RETURN. — A sheriff who makes a false return of "personal service" in an action on a special tax-bill, by reason of which the defendant's property is sold, is liable therefor.

2. —— MEASURE OF DAMAGES. — The measure of damages in such a case is the reasonable value of the land when sold, with interest from that date.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

E. T. FARRISH, for the appellants.

BROADHEAD & HAEUSSLER, for the respondents.

Lewis, P. J., delivered the opinion of the court.

This is an action on a sheriff's bond for a false return. The petition sets forth that, in a suit wherein Patrick Staed was plaintiff and the present plaintiff was defendant, a summons was issued, and was, by defendant Finn, as sheriff, returned in due form as having been personally served on the plaintiff; that there was in fact no service of said summons, and the plaintiff never had any knowledge of said suit, until after a judgment by default had been rendered against her, and her property was sold under execution thereupon; that she had a complete defence against said suit, and a judgment would never have been obtained against her, if she had had an opportunity to defend.

It appeared on the trial that the Staed suit was on a special tax-bill which was wholly void, and upon which there could be no lawful recovery. The judgment in that case was for $318.91, with a lien upon certain lots of the present plaintiff, valued by the witnesses at from $350 to $800, which were sold under the execution for $35.

The plaintiff testified that she never received any summons or notice of the suit. The deputy sheriff swore that he went to the plaintiff's residence, and there saw two ladies, one of whom declared herself to be Mrs. Wolff, and that to her he delivered a copy of the summons. He signed the return on the writ, to that effect. The jury gave the plaintiff a verdict for $828.66.

We are asked to reverse the judgment on account of the preponderance of testimony in the defendants' favor, and the danger in allowing an unscrupulous defendant to annul by his own oath the verity of an official return and the oral testimony of the officer. We have nothing to do with the weight of evidence. The testimony given on either side was competent, and it was for the jury to determine on which side lay the truth.

The court instructed for the plaintiff, as follows : —

" 1. The court instructs the jury, that upon the evidence, as shown, the deed to Eyermann by the sheriff, of the property referred to therein, operated to convey a valid title to said premises as against the plaintiff, Mina Wolff.

2. If the jury believe from the evidence that Mina Wolff was not served with a copy of the writ and petition in the case of *Patrick Staed* v. *Mina Wolff*, and that under the special judgment rendered in said cause and the execution issued thereon, the property of said Mina Wolff was sold and conveyed by the sheriff to another, then the jury should find in favor of the plaintiff for such amount, as damages, as they may believe from the evidence to have been the fair and reasonable value of the said property at the time it was so sold under said judgment and execution, together with interest thereon, from September 15, 1881, to the present time, at the rate of six per cent per annum."

And for the defendants, thus : —

" 1. The jury are instructed that the sheriff's return is presumed to be correct until the contrary is shown, and it requires some evidence to overthrow such return, and that the burden of making such proof devolves upon the plaintiff. If, therefore, the jury find the evidence equally balanced and that there is no preponderance of proof showing the sheriff's return to be false, their verdict should be for defendants, and they will so find.

" 2. The jury are instructed that the writ of summons may be served either by delivering to defendant a copy of the writ and petition, or by leaving a copy of the writ and petition at his usual place of abode with some person of his or her family, over the age of fifteen years ; and although the jury may believe from the evidence that, in the service of the summons in question, the deputy sheriff, James Morghan, may not have delivered a copy of the writ and petition to Mina Wolff in person, yet if you believe from the

evidence that he did, on the 20th day of October, 1877, leave a copy of said writ and petition at usual place of abode of said Mina Wolff, in the city of St. Louis, with some person of her family over the age of fifteen years, then the jury are instructed that there can be no recovery in this case for more than nominal or one cent damages."

The court refused the following instructions offered by the defendants :—

" 1. The jury are instructed that the value of the property described in the petition and sold under the execution read in evidence, is not the measure of damages recoverable in this action.

" 2. The jury are instructed that under the pleadings and evidence in this cause there can be no recovery, except for nominal damages."

We find nothing exceptionable in these rulings. The court was not asked to instruct on the subject of contributory negligence in the plaintiff, nor was there any reason for the introduction of such an element in the case. There is no parallel between this case and *The State ex rel. Kearney* v. *Finn* (11 Mo. App. 400). In that case, the sheriff had failed to find and serve a defendant resident in the city, and a judgment was afterwards obtained upon publication, as against a non-resident. There was a conspicuous element of negligence in the officer's failure to find and serve the party, which failure resulted in an order of publication made by the court. The judgment was consequent upon the execution of this order. All the reasoning of this court upon the intervention of a higher power between the sheriff's negligence and the judgment rendered, is foreign to anything in the present case, where the judgment complained of was an immediate result of the sheriff's false return. In the Kearney case, there could have been no judgment upon the officer's return. In this, his return was the foundation and cause of the judgment. No negligence is implied, but a positive, active malfeasance, in reporting

a service which had never been made.   There is not the slightest suggestion of contributory negligence in the conduct of the plaintiff, least of all is there any in her failure to pay the special tax-bill, which was void.

That the measure of damages was correctly declared in the instructions, is too obvions for discussion.   If the plaintiff had paid off the judgment against her, her recovery might have been limited to the amount so paid, with interest.   But, as she knew nothing of the judgment, and therefore did not pay it, but lost her property by it, why should she not be indemnified to the extent of her loss?

The verdict and judgment, as rendered in this case, included a defendant who had not been served.   At the next term following, the name of this defendant was, on motion, stricken out, and the judgment was corrected, so as to conform to the record.   The case of *Weil* v. *Simmons* (66 Mo. 617) is conclusive authority that this was not error.   All the judges concurring, the judgment is affirmed.