# THE STATE ex rel. McLAIN, a minor, by Guardian, Appellant, v. JENKINS et al.

### Division Two, October 27, 1902.

1. **Sheriff's Levy:** INDEMNIFYING BOND: AFTER COMPLETED SALE. A claimant of goods sold them to a third party, receiving $1,000 in cash, and putting him in possession under an agreement that the balance of the purchase money was to be determined and paid upon the completion of an invoice. Before this was completed, the sheriff seized the goods under a judgment in favor of relator against the claimant's husband, and thereupon by mutual agreement between her and the purchaser the trade was rescinded, the money returned, and the wife made claim in her own right to the goods in the hands of the sheriff, verifying the same by her affidavit, whereupon the sheriff demanded of plaintiff a bond indemnifying him against her claim, and this not being furnished he released the levy after holding the goods ten days. *Held*, that this was not a purchase *pendente lite*, but it was an executory sale, and being incomplete it was competent for the parties to discharge the contract of sale and remit each other to their original rights, since the rights of no creditor were involved, and no right of the judgment creditor was thereby jeopardized.

2. ————: AMENDMENT OF RETURN. It·is proper for a sheriff to amend his return with the aid of written memoranda, affidavits and notices served on him, after suit brought on his bond for failure to make a levy, so as to make the return conform with the facts, which were that he had made the levy but afterwards released the goods because the judgment creditor had not furnished him an indemnifying bond.

3. ————: INDEMNIFYING BOND: SUFFICIENCY. A bond given to the sheriff to indemnify him against loss because of goods seized and levied upon by him, becomes of no avail after the obligee therein withdraws his claim and so notifies the sheriff and he in turn notifies the judgment creditor.

4. ————: FALSE RETURN. A failure by a sheriff to set out all the facts pertaining to his seizure of the goods levied upon, the claims thereof by third parties and his release thereof because the judgment creditor furnished him no indemnifying bond, is not a false return unless it works actual injury to the judgment creditor. For such failure he is liable only for actual damages.

State ex rel. v. Jenkins.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. Frank E. Burrough,* Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

The only claim to property seized under execution, by a person other than the execution creditor which the statute recognizes, is a claim existing at the time of the levy. R. S. 1889, sec. 4927; R. S. 1899, sec. 3183. The notices show a complete sale and a delivery of possession September 3, 1897, three days before the levy.

*W. H. Miller* and *J. W. Limbaugh* for respondents.

(1) A false return is: "A return made by the sheriff, or other ministerial officer, to a writ in which is stated a fact contrary to the truth and injurious to one of the parties or to some one having an interest in it." Bouvier's Law Dictionary, title, "False Return." The sheriff had actually performed his duty but failed to make his return show it. For the failure to return the execution, he is liable for only the actual damages suffered and proven by the plaintiff in the execution. R. S. 1889, sec. 4964; Corby v. Burns, 36 Mo. 194; State ex rel. v. Case, 77 Mo. 247; Stevenson v. Judy, 49 Mo. 227; Kiskaddon v. Jones, 63 Mo. 190. The measure of damages named in that section is for a "refusal or neglect to execute or levy an execution according to law, or for a refusal to sell according to law after making the levy." R. S. 1889, sec. 4963. That section is materially different from the succeeding section, which fixes the penalty at the "damages sustained by such default." R. S. 1889, sec. 4964; Stevenson v. Judy, supra; State ex rel. v. Case, supra. (2) That the sheriff could amend his return so as to show all the facts of his proceedings under the writ, and to supply omissions in said return, has been often adjudicated. Miles v. Davis, 19

Mo. 408; Blaisdell v. Steamboat, 19 Mo. 158; Webster v. Blount, 39 Mo. 500; Corby v. Burns, 36 Mo. 194; Scruggs v. Scruggs, 46 Mo. 271; Bank v. Grewe, 84 Mo. 477; Freeman on Executions (1 Ed.), secs. 358, 360 and 388. "When the amendment is made, the return, as amended, is to be given the same effect as though it had at first been part of its present form." Freeman on Executions (1 Ed.), secs. 360 and 388; Webster v. Blount, supra; Blaisdell v. Steamboat, supra; Murfree on Sheriffs, sec. 880; Buller v. Woods, 43 Mo. App. 494. (3) The sale by Mrs. Hempstead to Wood was only an inchoate one, part payment only having been made, the amount of the remaining payment depending on the amount the stock would invoice. Benjamin on Sales (2 Ed.), sec. 318, and notes. The sale being rescinded, Wood, Snider & Co. claimed no interest in the goods and a bond to protect them would have been useless. The statute applies to persons claiming an interest in the property. The only claim made was that of Mrs. Hempstead, and she and the sheriff were the parties to be protected. R. S. 1889, sec. 4927.

GANTT, J.—Action on the official bond of John H. Jenkins, sheriff of Cape Girardeau county, for a false return on an execution in favor of relator and a wrongful release of personal property seized thereunder.

The petition alleged the election and qualification of the defendant as sheriff, the giving of his official bond as such, naming the other defendants as his sureties; that relator sued out an execution on September 6, 1897, upon a judgment recovered by relator against Benjamin R. Hempstead, returnable to January term, 1898; that the same was delivered to said sheriff and commanded him to levy and make of the goods of said Hempstead, three thousand dollars for the debt, and four hundred and ninety-six dollars costs of suit; that said sheriff did levy and seize as the property of said Hempstead, a stock of goods at Egypt Mills, but failed and neglected to make return thereof on said execution

State ex rel. v. Jenkins.

as required by law, but on the contrary made a false return thereon by failing to state or mention in any way said levy on said stock; that since the commencement of this suit the said sheriff obtained leave to amend and has since amended his return, to the effect that on September 6, 1897, he levied this execution on a certain stock of goods, wares and merchandise situated in a store building known as the Hempstead building at Egypt Mills, as the property of Benjamin R. Hempstead, and certain proceedings by him had thereafter.

The answer admitted the levy, and then alleged a notice by Wood, Snider & Company that they had purchased said stock and paid a portion of the purchase money and that they had possession; that subsequently and on the next day said Wood, Snider & Company notified said sheriff in writing that they had rescinded the sale on account of his seizure, and made no further claim, and on the same day Mrs. Bettie Hempstead notified said sheriff that on the third day of September, she was the owner of said stock and bargained it to Wood, Snider & Company; that said levy was made while the invoice was being taken in pursuance of her bargain aforesaid; that after said levy was made said Wood, Snider & Company refused to comply with the terms of said sale, and permitted said stock to pass back to her, the said Bettie Hempstead; that she was then the owner of said stock of goods, and claimed the same as her property, and notified said sheriff that he levied on and seized the same at his peril; that thereupon said defendant sheriff served a copy of this notice on plaintiff; that he, said sheriff, kept said property till September 15, 1897; that plaintiff failed and refused to deliver or tender to defendant sheriff, a bond payable to the State of Missouri with sureties thereon, conditioned to indemnify this sheriff and said claimant Bettie Hempstead against all damages and costs that might accrue to him or said Bettie by reason of the seizure and sale of said property, as is required by section 4927, Revised Statutes 1889; that thereupon on failure

of plaintiff to give said bond, said sheriff released said goods.

The reply admits the notices of John T. Wood on September 6, 1897, that he claimed to have purchased said goods and that he had paid part of the purchase price and the notice of Bettie Hempstead on September 7, 1897, that she was the owner; the release by the sheriff. "And for further replication plaintiff alleges that after being notified of the claim of John T. Wood to the goods levied upon and seized as the property of Benjamin R. Hempstead, defendant in execution, the sheriff immediately thereafter, to-wit, on the morning of September 7, 1897, served upon plaintiff's attorney of record a copy of the affidavit of the said Bettie D. Hempstead and of the said claim of the said John T. Wood, and demanded of plaintiff an indemnifying bond in the sum of five thousand dollars; that thereupon plaintiff's attorney prepared such bond in due sum of five thousand dollars, conditioned, as provided by statute, that the plaintiff should save and keep harmless the said sheriff and the said claimant, John T. Wood, from loss by reason of such levy and seizure of said stock of goods, and delivered said bond during the forenoon of September 7, 1897, to said sheriff for examination as to form, with the request that, after satisfying himself that the same was sufficient as to form, he deliver the same to plaintiff and afford him a reasonable time to execute the same. And plaintiff further states that, although said bond was in due form, the said sheriff wrongfully refused to deliver the same to plaintiff, or to give him an opportunity to execute the same, notwithstanding plaintiff repeatedly demanded of him said bond for the purpose of executing the same with his sureties; that plaintiff's said counsel was absent from the town of Jackson from about noon on September 7th, 1897, until late in the evening of September 11th, and immediately upon his return demanded and received from said sheriff said bond, so as aforesaid prepared by him and delivered to said sheriff; that subsequently, and while the said sheriff still had full possession and control of the

goods seized and levied upon under said execution by virtue of said writ, plaintiff tendered him the bond of indemnity aforesaid, duly executed with sufficient sureties, but said sheriff wrongfully and in violation of the conditions of his official bond, refused to accept the same and released said stock of goods from his levy and refused to make sale thereof.'' Wherefore plaintiff prayed judgment as in his petition.

I. A reversal of the judgment is asked for the reason that our statute, section 4927, Revised Statutes 1889 (now sec. 3183, R. S. 1899), only permits a person other than the execution debtor to make his claim for personal property seized on execution when such claim *exists at the time of the levy,* and that whatever claim Mrs. Bettie Hempstead had to the property levied on in this suit was acquired *after* it had been seized by the sheriff and consequently the sheriff had no right to demand a bond to indemnify him and Mrs. Hempstead, as the evidence established he did.

The facts are these: On September 3, 1897, Mrs. Bettie Hempstead, claiming to be the owner of the stock of goods, bargained them to Wood, Snider, & Company, Mr. Wood acting for his firm. One thousand dollars was to be and was paid cash in hand by Wood to Mrs. Hempstead and *the balance of the purchase money was to be determined and paid upon the completion of an inventory of the stock of goods.* Mrs. Hempstead turned over the keys to Wood and several parties were employed to make the invoice, and before it was completed the sheriff, under the execution against Mrs. Hempstead's husband, levied on the stock, closed the store, and thus prevented the further taking of the inventory. Thereupon Wood in behalf of his firm demanded of Mrs. Hempstead to rescind the trade and they mutually rescinded it, and Mrs. Hempstead refunded to Wood the one thousand dollars part payment, and he released the goods to her while they were yet in the hands of the sheriff, and thereupon Mrs. Hempstead made claim to the goods in her own right, duly verified by affidavit, and notice was served by the sheriff

on the plaintiff of this new claim. The plaintiff refused to recognize Mrs. Hempstead's right to make this claim, and declined to give the bond under section 4927, Revised Statutes 1889, and the sheriff after holding the property ten days, released it. Plaintiff's first contention is that the payment of the $1,000 and the delivery of the possession showed *a completed sale,* and it was not in the power of Wood, Snider & Company to rescind their contract and re-invest Mrs. Hempstead with the rights of a claimant under the statute, as of the time when the levy was made.

It will be remembered there is no charge of fraud in the transaction between Mrs. Hempstead and Wood, Snider & Company. Neither is the case presented of Mrs. Hempstead in insisting against Wood, Snider & Company that the sale was complete, and demanding the balance of her purchase money because nothing remained to be done but the counting and measuring of the goods. Whatever right either of these contracting parties might have had in strict law against the other, none was asserted, but they both agreed that Wood, Snider & Company had only paid *a part* of the purchase money, and that the balance which they were to pay her was yet to be determined and paid upon the completion of an inventory of the said stock of goods, and that the seizure by the sheriff had prevented the ascertainment of the balance due and the completion of their contract. As between themselves they elected to regard the sale as inchoate and executory and that the title remained in Mrs. Hempstead, and in the absence of fraud upon creditors no rule of law would forbid their regarding the sale as incomplete. Plaintiff's process was not directed against either of the parties to this arrangement. If he was right that the goods were the property of Hempstead, and belonged to neither Mrs. Hempstead nor Wood, Snider & Company, he had the right to give his indemnifying bond and require the sheriff to proceed with his sale. Before the rescission, Wood, Snider & Company made the claim and he was required to give

the bond. After the rescission, Mrs. Hempstead made the claim.

Plaintiff insists that by the affidavits of Wood and Mrs. Hempstead it appears that the sale was complete, therefore, she became by the rescission a purchaser *pendente lite* and a claimant *after* the levy. But it is apparent that Wood, Snider & Company only claimed they had paid a *part* of the purchase money and thus *notice* was given plaintiff that Mrs. Hempstead still had, as between her and Wood, Snider & Company, a claim for the balance of her purchase money which was as yet unascertained.

It was entirely competent for Mrs. Hempstead and Wood, Snider & Company when they found they could not carry out their contract, to discharge the same by mutually agreeing to rescind the same, and the effect of such rescission was to remit both of said parties to the bargain to their original rights in respect to the stock of goods as the rights of no creditor of either was involved in the matter and no process had issued against either of them, but an execution had been levied on the goods as the property of Hempstead, a third party. As the claimants gave notice in the first instance of the executory nature of the bargain, and immediately after the rescission gave notice thereof, and as the sheriff still maintained his levy and possession, and opportunity was afforded plaintiff for ten days to give the indemnifying bond, no right of his was jeopardized by the rescission, and as by the rescission Mrs. Hempstead was remitted to her original rights, it seems clear to us that she was such a claimant as the statute recognizes, and that plaintiff's refusal to give the indemnifying bond to protect her, justified the sheriff in releasing his levy.

Mrs. Hempstead and Wood by their rescission in no manner affected plaintiff's claim against Hempstead. If it was in fact Hempstead's property contracts or attempted contracts with him affecting or seeking to vary or thwart plaintiffs process would present altogether different questions, but we see no reason why in

the circumstances of this case Mrs. Hempstead should be denied the right of claiming under the statute, nor how in any manner it affected plaintiff's right to give his bond which he was required to give in any event and proceed to show it was Hempstead's property. It would have taken the same evidence whether Mrs. Hempstead claimed or her vendees, who deduced their title through her.

II. The right of the sheriff to amend his return by leave of the court and with the aid of the written memoranda, affidavits and notices served on him, is too well-settled law in this State to require more than a statement of it.

III. The bond prepared to indemnify Wood, Snider & Company, became of no avail after they withdrew their claim, and notified the sheriff, and he in turn notified the plaintiff. Even if a perfectly valid bond (and the evidence indicates strongly that plaintiff's counsel did not so regard it, otherwise his offer to get a trust company as surety is meaningless), it did not meet the requirement of indemnifying Mrs. Hempstead, who was at that time the only claimant.

IV. The contention of learned counsel is that, because the sheriff failed in his original return to set out all the facts pertaining to his seizure of the goods, the claims therefor, and his release thereof, he was guilty of making a false return.

"A false return, is a return made by the sheriff or other ministerial officer to a writ in which is stated a fact contrary to the truth and injurious to one of the parties or to some one having an interest in it." [Bouvier's Law Dictionary.]

There is an obvious distinction in law as well as in morals in a false statement and a failure to state all the facts. In this case the sheriff's amended return shows he performed his duty but failed to make a full return of all he did. For his failure to make a return he is unquestionably liable under the statute for actual damages suffered by reason of his neglect. [Section 4964, R. S. 1889.] When, however, by leave of the court

he amended his return, and set up all the facts, it was disclosed that his levy proved abortive simply because plaintiff, with full notice of all the facts, refused to give the indemnifying bond.  His amendment fully exonerated him.  [Scruggs v. Scruggs, 46 Mo. 273-4.]

V.  The circuit court instructed the jury in accordance with the views we have expressed and consequently committed no error in refusing to set aside the nonsuit and reinstate the case.

Upon the whole case, we are of the opinion there was no error and the judgment was for the right party. All concur.