**STATE ex rel. MOORE et al.**

**v.**

**MORANT et al.**

No. 28877.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Silas E. Garner, St. Louis, for appellants.

Lynch & McMillian, Alphonse J. Lynch, Curtis C. Crawford, St. Louis, for respondents.

HOUSER, Commissioner.

This is an action for damages against a constable and the surety on his official bond for making a false return. A trial jury rendered a verdict for relators for $1,250. From the judgment rendered thereon defendants have perfected their appeal to this court.

The petition alleged as a breach of the condition of the bond that in a suit wherein Curry's Clothing Company was plaintiff and relators were defendants a summons.

was issued directed to the constable commanding him to summon relators to answer the complaint; that a deputy constable made a false return to the summons reciting the execution thereof upon relators by delivering the same to a member of relators' family; that neither the constable nor any of his deputies served said writs upon relators nor on any members of their family nor in any manner and that the return was false; that final judgment was rendered in favor of Curry's Clothing Company and against relators for $324.38 and costs, of which they had no knowledge until after the judgment had been entered; that relators had a good and legal defense to the suit and that no judgment would have been rendered against them if they had been afforded the opportunity of defending the suit. Both defendants filed general denials.

On March 2, 1950 Curry's Clothing Company sued Louis and Josephine Moore in the magistrate court in the City of St. Louis. The return of service, executed by the constable by and through his deputy Edward White showed that on March 3, 1950 relators were served with process at their usual place of abode by leaving a copy of the summons with a member of the family over the age of 15 years. Default judgment against relators for $324.38 was rendered in the magistrate court on July 18, 1950. An execution was issued, the wages of relators were garnished, and on August 15, 1951 for a consideration of $225 the judgment creditor settled with relators and released them of all liability on account of the judgment.

On March 3, 1950 relators' family consisted of themselves and two children of Josephine's by a former marriage, They were Augustine, born January 25, 1937 and Willie, born January 5, 1936, so that on March 3, 1950 the girl was 13 years, 1 month and 6 days old, and Willie was 14 years, 1 month and 29 days old. Relator Josephine Moore at first testified that the boy was 15 years of age. Later in her testimony, however, she stated that this was merely a "rough guess;" that he was "probably 14 or 15 years," and that she had their birth certificates. The birth

certificates, produced, revealed the birth dates as above stated. Relators had no knowledge of the filing of a suit against them until their wages were garnished. Neither of the children testified.

The deputy constable testified that after making three or four unsuccessful attempts to find someone at the home of relators and at about 7:30 a. m. on March 3, 1950, he knocked on the door, and a young gentleman, a boy, came to the door. The deputy asked for Mr. Moore. The boy said that Mr. Moore was not there. The deputy asked the boy if he was a relative, a son of Mr. Moore's. The boy said "Yes." Then the deputy asked him how old he was and the boy said "15," whereupon he handed the papers to the boy and told him to give them to his father or mother "when they come."

On this appeal it is urged that the petition does not state a cause of action either against the constable or against the surety; that relators did not make a submissible case; that the court erred in giving Instructions Nos. 1, 2 and 5 and in refusing to strike certain testimony; and the excessiveness of the verdict.

■ The petition states a claim upon which relief can be granted. State, to Use of Wolff v. Finn, 13 Mo.App. 285, 80 C.J.S., Sheriffs and Constables, § 114, page 322, et seq.

■■ Relators made a submissible case. The petition alleged that the return was false. A false return is a return to a writ made by a ministerial officer in which is stated a fact contrary to the truth and injurious to a party having an interest in it. State ex rel. McLain v. Jenkins, 170 Mo. 16, 70 S.W. 152. The return in this case recited constructive service of process under the usual place of abode provision of the statute, by leaving the summons "with some person of his or her family over the age of 15 years." Willie's birth certificate, and oral evidence of his mother's, showed that he was only 14 years of age at the time of the alleged service upon him. The return, therefore, did not speak the truth

and on the basis of that false return a judgment was rendered against relators. Relators made a prima facie case by showing the non-age of the person upon whom the constable claimed to have served the process, the making of a return falsely stating that the person upon whom the service was made was of the statutory age, and injury. State ex rel. Polster v. Miles, 149 Mo.App. 638, 129 S.W. 731.

■ Appellants ask whether a constable in undertaking to make service of process under the usual place of abode provision of the statute, Section 506.150 RSMo 1949, V.A.M.S., must go armed with birth records and affidavits establishing the age and kinship of the members of the defendants' family. The answer is that a constable must ascertain at his peril the age of the person served and his membership in the family of the defendant before making a return showing service under this provision of the statute. The integrity of the whole judicial establishment depends upon the accuracy and reliability of returns of service of process. A constable's return, like that of a sheriff's, is conclusive upon the parties to the suit. Its truth cannot be controverted by parol evidence when the effect will be to set aside a judgment based thereon. Majewski v. Bender, Mo.App., 237 S.W.2d 235, and cases cited. The public is entitled to rely upon the faithful performance of official duty and consequently the law is strict in holding officers to a high degree of accountability for the efficient and true service of process. State ex rel. Polster v. Miles, supra; State ex rel. Armour Packing Co. v. Dickmann, 146 Mo.App. 396, 124 S.W. 29, 80 C.J.S., Sheriffs and Constables, § 52, page 227. See State ex rel. Rice v. Harrington, 28 Mo.App. 287, for another instance in which we held that an officer acts at his peril in making a return of process.

■ Appellants complain that the main verdict-directing Instruction No. 1 was erroneous in that it did not contain a requirement of a finding of wilfulness, negligence or intentional bad faith. There was no error in this connection. The grava-

men of an action for damages for the making of a false return is the breach of official duty imposed by law to make a true return. Upon the occurrence of the breach and consequent injury a case is made for at least nominal damages, State ex rel. Armour Packing Co. v. Dickmann, supra, whether or not the breach was occasioned by wilful or intentional misconduct on the part of the officer. Failure to require a finding of wilfulness or intentional bad faith would be relevant only in cases in which punitive damages were sought. In the case at bar the constable was not charged with wilful or intentional misconduct and no effort was made to recover punitive damages. Instruction No. 1 required the jury to find that the deputy constable "did not serve summons upon a member of relators' family as stated in his return to said Magistrate Court * * *" and Instruction No. 5 required a finding that the return was "untrue and false." In State, to Use of Wolff, v. Finn, supra, we approved an instruction in a similar factual situation in which there was no requirement of a finding of wilfulness, bad faith or negligence but a mere finding, that "Mina Wolff was not served with a copy of the writ and petition in the case of Patrick Staed v. Mina Wolff." We conclude that there was no error in Instruction No. 1 as claimed.

Appellants next complain of the inclusion in Instruction No. 5 of several items of damages which the jury was allowed to take into consideration.

 The jury was authorized by the instruction to consider "The amount expended by relators, if any, to hire counsel in said Magistrate Court matter, not exceeding Sixty Dollars ($60.00)." The evidence showed that following the entry of the judgment a writ of garnishment issued and was served. Thereupon Louis Moore hired lawyers in an effort to have the garnishment "set aside" and to settle with the judgment creditor for a smaller sum than the amount of the judgment. For these services the Moores paid an attorneys' fee of $100. In the absence of statute

attorneys' fees are not ordinarily recoverable. Leslie v. Carter, 268 Mo. 420, 187 S.W. 1196. Where, however, the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages. 25 C.J.S., Damages, § 50 c., page 534; Myers v. Adler, 188 Mo.App. 607, 176 S.W. 538. In the case at bar the constable's bond stood good as an indemnity against all of the natural and proximate consequences of a breach of the duty which the constable owed relators. Attorneys' fees expended in an effort to remove or minimize the injurious consequences of the act of the deputy constable were legitimate items of recovery. See State ex rel. Patterson v. Tittmann, 134 Mo. 162, 35 S.W. 579, for a comparable situation.

 The instruction authorized the jury to consider "The mental anguish, pain and suffering which you believe from the evidence relators have sustained as a direct result of relators' injuries, if any, and in consequence thereof." In order to recover damages from mental pain and suffering as a result of the acts of a constable, in the absence of a physical injury, there must have been wilful or intentional misconduct, fraud, malice or other aggravating circumstances, none of which appear in the case at bar. 80 C.J.S., Sheriffs and Constables, § 164, page 388. It was error to submit this item of damages.

 The instruction further authorized the jury to consider "The loss of income, if any, from their jobs as a result of the act of the defendant Morant, acting through his duly appointed deputy." We have searched the record in vain for evidence to support this item of recovery. There was both a failure to plead and a failure to prove loss of income or wages. It is reversible error to include loss of income or earnings as an item of recovery in a damage instruction where that item is not specially pleaded, Hicks v. Shanabarger, Mo.App. 236 S.W.2d 49, or where

that item is not supported by evidence. Vogelgesang **v.** Waelder, Mo.App., 238 S.W.2d 849.

■ Appellants claim that the court erred in refusing to strike that part of Josephine Moore's testimony in which she stated that she knew there was no service of process upon her son for the reason that if there had been, the boy would have given her the papers. While the motion should have been sustained it was harmless error for the reason that relators, in submitting their case to the jury, abandoned the charge that there was no service whatever and went on the theory that there was no service in the manner reported, viz. upon a member of the family over the age of 15 years.

The complaint that the verdict is excessive need not be considered, in view of the necessity of a remand.

■ For error in Instruction No. 5, as noted, the judgment should be reversed and the cause remanded. Since the submission on the merits was free of error the new trial should be confined to the question of the amount of damages to be allowed. Section 512.160, subd. 3 RSMo1949, V.A.M.S. The Commissioner therefore recommends that the judgment be reversed and the cause remanded with directions to the trial court to try only the issue of the amount of actual damages, if any, sustained by relators, and if any actual damages be found, to enter judgment against defendants therefor, and if no actual damages be found, to enter judgment against defendants for nominal damages.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded with directions to the trial court to proceed in accordance with the opinion of the court.

ANDERSON, P. J., BENNICK, J., and ADAMS, Special Judge, concurs.