Howard C. OHLENDORF,
Plaintiff-Respondent,

v.

Bernard FEINSTEIN, et al.,
Defendant-Appellant.

No. 48954.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 10, 1985.

**554**

Jerome A. Gross, St. Louis, for defendant-appellant.

Jack H. Ross, St. Louis, for plaintiff-respondent.

KELLY, Judge.

Jerome A. Gross, attorney for defendant Feinstein, appeals from an order of the Circuit Court of St. Louis County denying his application for the allowance of attorney's fees. Appellant requested attorney's fees from plaintiff Ohlendorf for services performed by him which he claims were beneficial to the partnership in which Ohlendorf, Feinstein, and Whaley were the partners.

On appeal the appellant contends that the Circuit Court erred in denying his application for attorney's fees because (1) the Uniform Partnership Act specifically requires indemnification of the prevailing defendant (Feinstein) for the services rendered by Gross for the benefit of the partnership; (2) Gross' services were required due to plaintiff Ohlendorf's breach of the partnership agreement causing collateral litigation, therefore attorney's fees should have been assessed against plaintiff; and (3) plaintiff Ohlendorf, although a partner with antagonistic interests, is nevertheless deemed to have benefited from the winding up of the partnership and his opposition to this procedure renders him responsible for necessary counsel fees. We affirm.

This is the third appeal to this court concerning the case of *Ohlendorf v. Feinstein.*[1] Therefore in reciting the facts necessary to our opinion we refer to the record on appeal and the statement of facts in our previous two decisions, of which we take judicial notice.

In May, 1974 plaintiff Ohlendorf, defendant Feinstein and Whaley formed a partnership for the purpose of obtaining purchasers for land they were in the process of buying from the Missouri State Highway Commission. *Ohlendorf v. Feinstein,* 636 S.W.2d 687, 689 (Mo.App.1982). In accordance with the partnership Ohlendorf and Whaley each transferred to Feinstein $18,956.77. *Ohlendorf v. Feinstein,* supra.

The partnership signed contracts for the sale of several tracts of land with potential purchasers prior to closing with the highway department. *Ohlendorf v. Feinstein,* 670 S.W.2d 930, 932 (Mo.App.1984). One of the purchasers they signed a contract with was Henry Collins.

In August 1974, Ohlendorf breached the partnership agreement by notifying the State Highway Commission that the partnership would not complete the purchase of the land. As a result of Ohlendorf's wrongful breach the partnership was dissolved. *Ohlendorf v. Feinstein,* 636 S.W.2d at 689.

In September 1974, Ohlendorf filed a conversion action against Feinstein for return of his initial investment in the partnership.

Feinstein engaged Gross as counsel in October 1974. Feinstein responded to Ohlendorf's suit by counterclaiming and cross-claiming in equity for the winding up of the partnership, and impleading Whaley and Collins as additional parties.

There is evidence in the record to indicate that Collins filed suit against the partnership for specific performance and damages due to breach of contract. However, Collins was foreclosed in his suit because he was impleaded as a party in the equity action prior to the time he filed his suit. Collins eventually settled for the amount of his earnest money, his claim was dismissed, and he was dropped as a party in the equity suit.

The matter then went to trial resulting in a judgment in favor of Feinstein and Whaley and against Ohlendorf in the amount of $50,932.25 for each prevailing party. *Ohlendorf v. Feinstein,* 636 S.W.2d at 689. This decision was appealed. This court reversed and remanded for further proceedings. The case was then re-tried and re-appealed on the issue of damages from lost profits on the sale of the land. This court

---

1. The two previous appeals did not reach the issue of attorney's fees. The cites for the previous appeals of this case are: 636 S.W.2d 687 (Mo.App.1982), and 670 S.W.2d 930 (Mo.App. 1984).

modified the judgment and affirmed. The final award to each of the prevailing parties was $50,603.08 bearing interest of 9% per annum. *Ohlendorf v. Feinstein,* 670 S.W.2d at 936.

Appellant represented Feinstein throughout these multitude of proceedings. He requested attorney's fees from Whaley and Ohlendorf in 1975. This application was overruled by the St. Louis County Circuit Court. Appellant applied again for attorney's fees in 1984. He requested payment of fees only from Ohlendorf in the latter application. The Circuit Court again denied his application. It is from this second denial of his application for allowance of attorney's fees that he now appeals.

In reviewing the Circuit Court's denial of the application for allowance of attorney's fees we must view the evidence with great deference toward the trial court. "The trial court is vested with substantial discretion in granting or denying such [attorney's] fees; ...." *Robinson v. Robinson,* 628 S.W.2d 689, 691[4] (Mo.App.1982).

Employing this standard we consider appellant's arguments on appeal.

Appellant first argues that the Uniform Partnership Act which has been incorporated in Missouri law authorized the indemnification of his client for attorney's fees from Ohlendorf. Therefore the denial of his application was error. We find this argument unpersuasive.

■ Section 358.180(2) RSMo 1978, the corresponding Missouri Statute to the Uniform Partnership Act, is a general indemnification provision: "(2) The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in ordinary and proper conduct of its business, or for the preservation of its business or property;." Contrary to appellant's contention this statute does not specifically require or authorize the indemnification of his client for the services he performed regarding this matter.

Attorney's fees may be recoverable if statutorily authorized or provided for contractually. *Forsythe v. Starnes,* 554 S.W.2d 100, 111[21–22] (Mo.App.1977). However, there are no cases in Missouri which have applied § 358.180 as statutory authority for granting attorney's fees to a partner from another partner for the costs of litigation between them regarding the partnership or its interest.

The Tennessee Appellate Court in the case of *Evans v. Boggs,* 35 Tenn.App. 354, 245 S.W.2d 641 (1951) did use a Tennessee statute which corresponds to the Uniform Partnership Act and § 358.180 RSMo 1978 as authority for granting attorney's fees to the partners who initiated a lawsuit against an errant partner. *Evans v. Boggs,* the only case cited by appellant in support of his argument, is distinguishable on its facts from the present case.

In *Evans v. Boggs,* the complainants alleged that partner Boggs fraudulently withheld partnership funds and wrongfully refused to turn over the partnership records to them. They requested a receiver to wind up the partnership and an accounting of the assets of the partnership. *Evans v. Boggs,* 245 S.W.2d at 646. The complainants who brought the suit in *Evans v. Boggs* did not consist of all the parties comprising the partnership. A receiver was appointed and a decree was entered in favor of him. *Evans v. Boggs,* 245 S.W.2d at 656.

Even though the partnership in *Evans v. Boggs,* had been dissolved, the money to be paid by Boggs to the partnership was considered as an undistributed partnership asset. *Evans v. Boggs,* 245 S.W.2d at 656. The Tennessee Appellate Court citing the Uniform Partnership Act held that the partners who incurred the expense of bringing the lawsuit should be paid out of the judgment (i.e. the undistributed partnership assets) for the costs of the action including attorney's fees. *Evans v. Boggs,* 245 S.W.2d at 656. This is a significant fact in that the partners were being indemnified by the partnership through its funds. The statute used by the Tennessee Court as authority as well as the Uniform Partnership Act and the Missouri statute allows for the indemnification of a partner(s) from a *partnership* for expenses incurred in the conduct of its business or the preservation of its property. *See* Uniform Partnership Act, Code § 7857(b), § 358.180(2) RSMo 1978. In the present case appellant is requesting attorney's fees from a partner, out of his personal funds—not from the partnership. Furthermore, the statute does not allow for the payment of one of the partner's attorney by another partner for services rendered in a controversy between the partners regarding the partnership. Furthermore, the indemnification provision allows only for the reimburse-

ment for a partner's costs, not for the costs of outside parties who were involved in conducting the business of the partnership or the preservation of its property. In *Evans v. Boggs* the *partners* were reimbursed for the amount they paid in attorney's fees. In this case, the appellant is requesting the attorney's fees be paid directly to him. This is not provided for by § 358.180(2) RSMo 1978.

In *Evans v. Boggs,* the complainants brought suit to recover partnership assets which were fraudulently concealed. *Evans v. Boggs,* 245 S.W.2d at 655. It is clear that the purpose of the *Evans* suit was to protect existing partnership property. The legal actions taken by defendant Feinstein through his attorney in the form of counter-claims, cross-claims and impleading additional parties were in response to plaintiff Ohlendorf's suit against him for conversion. Plaintiff's original petition prayed for relief from Feinstein, not the partnership. Defendant was protecting his interest and sheltering himself from liability, not the partnership, by filing counter-claims, cross-claims and impleading Whaley and Collins, in response to plaintiff Ohlendorf's suit against him for conversion.

■ As the present case is distinguishable from *Evans v. Boggs,* 245 S.W.2d 641, on its facts in that the attorney, not a partner, applied for attorney's fees, and a partner or the partnership is not suing or being sued in order to protect partnership assets, § 358.180(2) RSMo 1978 does not provide statutory authority for the allowance of attorney's fees from plaintiff to defendant's attorney.

Appellant next argues that Ohlendorf's wrongful breach of the partnership agreement resulted in defendant Feinstein's involvement in collateral litigation thereby making the attorney's fees incurred by Feinstein for appellant's services a proper item of damages against Ohlendorf. We disagree.

■ Attorney's fees are recoverable in Missouri when they are incurred because of involvement in collateral litigation. *For-*

*sythe v. Starnes,* 554 S.W.2d 100, 111[21–22] (Mo.App.1977), *State v. Morant,* 266 S.W.2d 723, 727[10] (Mo.App.1954). "Where * * * the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages." *Johnson v. Mercantile Trust Company National Association,* 510 S.W.2d 33, 40[6] (Mo.1974).

However, none of the legal proceedings involved in the present case qualify as collateral litigation thereby allowing recovery of attorney's fees.

■ Collateral litigation occurs when a person breaches a contract causing one of the other contracting parties to sue or be sued by an outside third party. 25 C.J.S. *Damages,* § 50, *See also* D.B. DOBBS REMEDIES, § 3, 8 at 195 (1973). In order to be awarded attorney's fees due to collateral litigation:

> the wronged party must show that the litigation was the natural and proximate result of the wrong or breach of duty by the other party, that the fees were necessarily and in good faith incurred to protect the wronged party from injury and that the amount of the fees is reasonable.

*Forsythe v. Starnes,* 554 S.W.2d at 111[21, 22].

■ Appellant alleges that plaintiff Ohlendorf's breach of the partnership agreement led to Henry Collins' threats to sue for $100,000.00 in damages. He further asserts that his successful impleading of Collins in the equity suit prevented Feinstein from becoming involved in additional litigation, therefore he should receive attorney's fees from Ohlendorf pursuant to the principles regarding collateral litigation.

Appellant by impleading Collins in the equity suit brought together all of the parties who had an interest in the distribution of partnership assets and the winding up procedure. Furthermore, there was no col-

lateral litigation between Feinstein and Collins. The fact that there were no separate proceedings between Feinstein and Collins distinguishes the present situation from *State v. Morant,* supra, and *Johnson v. Mercantile Trust Company National Association,* supra, both Missouri cases which awarded attorney's fees based on collateral litigation.

In *State v. Morant,* supra a constable insufficiently served a summons by leaving it with an underaged person at the home of the party who was being summoned. He also made a false return. Consequently a default judgment was entered in favor of the plaintiffs, and defendant's wages were garnished in order to satisfy the judgment. In the subsequent suit by defendants against the constable the court held that the attorney's fees incurred as a result of the constable's breach were proper items of damages. *State v. Morant* at 727[10]. In this case there were three different and separate proceedings: The one resulting in the default judgment; one which made the effort to get the garnishment set aside; and one against the constable for his breach of duty. The constable's breach was the cause of the defendant needing to go to court in an attempt to get the garnishment of his wages set aside. He did not have the opportunity to defend himself in the prior proceeding which led to the default judgment. In our case all the parties', (Collins, Feinstein, and Ohlendorf) interests were settled in one proceeding. No issue or dispute needed to be resolved collaterally to the primary litigation. In *Johnson v. Mercantile Trust Company National Association,* supra, the plaintiff agreed to purchase stock from the defendant. However, the defendant only sold the plaintiff notes secured by the stock. *Johnson v. Mercantile Trust Company National Association,* 510 S.W.2d at 36–37. The court held that the plaintiffs' expenditure for attorney's fees in the suit to ascertain the ownership of the stock was the result of collateral litigation proximately caused by defendant's breach. Therefore, in the action between the plaintiff and defendant for breach of contract, the plaintiff was awarded attorney's fees for his prior involvement in a suit to defend his title to the stock. *Johnson v. Mercantile Trust Company National Association,* supra at 40[6, 7].

*Johnson* like *State v. Morant* is distinguishable from the present case because there were several separate and distinct actions resulting from a wrongdoer's breach. In the case at bar all parties' interests were resolved as a result of one lawsuit. The rule regarding collateral litigation is allowed for the recovery of attorney's fees if the natural and proximate result of a wrongdoer's actions is to *involve* the wronged party in *collateral litigation.* *Johnson v. Mercantile Trust Company National Association,* 510 S.W.2d at 40[6–7]. (emphasis added). It does not provide allowance for attorney's fees for the prevention of litigation as claimed by appellant. This service rendered by the attorney may be a prudent one but it does not create a situation whereby recovery of attorney's fees would be recoverable based on collateral litigation. Therefore, appellant is not entitled to attorney's fees on this theory.

Appellant in his final point on appeal argues that he is entitled to attorney's fees from Ohlendorf because Ohlendorf benefited from the winding up of the partnership even though he had antagonistic interests and was opposed to the procedure.

In examining this point it is necessary to review the situations where the allowance of attorney's fees is appropriate. Attorney's fees are recoverable when authorized by statute or contract, when they are incurred due to involvement in collateral litigation, or when a court of equity finds it necessary to award them in order to balance benefits. *Forsythe v. Starnes,* 554 S.W.2d at 111[21, 22], *Cimasi v. City of Fenton,* 659 S.W.2d 532, 537[14] (Mo.App. 1983).

As appellant is not entitled to attorney's fees based on statutory or contractual authorization, or because of involvement in collateral litigation; we must ex-

amine appellant's final point in terms of the necessity of the court to award attorney's fees in order to balance benefits. Attorney's fees are awarded to equitably balance benefits only when very unusual circumstances are shown. *Osterberger v. Hites Construction Company,* 599 S.W.2d 221, 230[27] (Mo.App.1980). This court has construed unusual circumstance "to mean an unusual type of case or unusually complicated litigation." *Dugger v. Welp,* 646 S.W.2d 907, 909[2] (Mo.App.1983). We fail to see that this is an unusual type of case or that the litigation was so complicated as to warrant the award of attorney's fees. When a partner breaches a partnership agreement which results in the dissolution of the partnership there is often litigation between the partners. Ohlendorf, the breaching partner, sued to get his initial investment returned to him. The use of conversion as the cause of action to achieve this purpose may be out of the ordinary but the nature of the lawsuit, under the circumstances is not. Defendant Feinstein's response to Ohlendorf's suit of counterclaiming and cross-claiming to wind up the partnership, and impleading interested parties was also not unusual. The natural course for a party involved in a partnership which was dissolved due to a wrongful breach is to protect his interests and to wind up the partnership business. The legal actions taken by the parties in the present case are not so different from other actions taken by other parties in similar situations, or by others trying to achieve the same result. *See Osterberger v. Hites,* 599 S.W.2d at 230[28].

Appellant argues that he should receive attorney's fees from Ohlendorf because Ohlendorf benefited from his services. He bases this contention on the general rule of equity found in *Leggett v. Missouri State Life Insurance Company:*

> Where one goes into a court of equity and takes the risk of litigation on himself and successfully "creates, protects, or preserves" a fund, or brings about the creation, increase or protection of a fund, in which others are entitled to share, those others will not be allowed to lie

back and share the results of the successful labors without contributing their proportionate part of counsel fees. (cites omitted)

*Leggett v. Missouri State Life Insurance Company,* 342 S.W.2d 833, 936[60] (Mo. banc 1960). Appellant further cites to *Leggett* to explain how a party with antagonistic interests to the law suit is nevertheless responsible for attorney's fees: "... counsel fees may properly be allowed, ... when the interest of the party seeking the allowance are antagonistic to the one brought to account ... even though he is one of the beneficiaries of the fund.... Frequently those entitled to benefit from the increase or preservation of a fund have a dual interest." *Leggett v. Missouri State Life Insurance Company,* id. at 936[61]. The principles which appellant cites from *Leggett,* are valid and are applicable in cases where the benefit to the fund is more than incidental. In *Leggett,* stockholders of an insolvent insurance company hired counsel to challenge the final accounting of the company's funds. As a result of the stockholders' challenge the fund was increased by several million dollars. This is far from just an incidental benefit bestowed upon the fund and those entitled to receive the assets whose interests were averse to the stockholders. It is necessary for the benefit to be more than just incidental to warrant recovery of attorney's fees, *McMullin v. Klein,* 468 S.W.2d 657, 660[1] (Mo.App.1971). Any benefit Ohlendorf may have received through defendant Feinstein's attorney's actions we construe as merely incidental.

Ohlendorf's receipt of his interest in the partnership upon winding up the business, and the protection of his interests by Feinstein's action of impleading Collins, thereby preventing a lawsuit which could have resulted in a large partnership debt, are simply attendant to the protection of Feinstein's interests. The proposed benefits to Ohlendorf created by appellant's services are not sufficient to meet the standard which allows for the recovery of attorney's fees.

 Plaintiff Ohlendorf in his brief requests that damages be awarded to him pursuant to Mo.R.Civ.P. 84.19 in the amount of his legal fees. We deny this request.

Mo.R.Civ.P. 84.19 provides that: "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." To qualify as a frivolous appeal the appeal must be one "which presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success." *Means v. Sears Roebuck & Company*, 550 S.W.2d 780[14] (Mo. banc 1977). There is a dual purpose for assessing damages for frivolous appeals: (1) to prevent appellate dockets from being cluttered with unmeritorious appeals at the expense of delaying those which have justiciable issues; and (2) to compensate respondent for expenses incurred in responding to frivolous appeals. *Doran, Inc. v. James A. Green, Jr. & Company*, 654 S.W.2d 106, 110 (Mo.App.1983). The test for determining the validity of an appeal is whether the questions raised on appeal are at least fairly debatable. *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 54[11] (Mo.App.1975). Although we find that the trial court committed no error and affirm its decision, we do not believe that this appeal was vexatious resulting in the award of damages to plaintiff. Each question presented required careful application and analysis of the law. The remedy of awarding damages to a respondent for his costs in defending a frivolous appeal is a drastic and unusual one which should be reserved for those rare and unusual situations where it is warranted. *Means v. Sears Roebuck & Company*, 550 S.W.2d at 789[14, 15]. This is not one of those situations. There are presented in this case justiciable questions which are debatable; in addition there is no evidence of bad faith on the part of the defendant or his attorney in pursuing this appeal. *See Wissmann v. German Evangelical St. Marcus Congregation of St. Louis*, 612 S.W.2d 138, 141[4] (Mo.App.

1980); *Burks v. Beebe*, 578 S.W.2d 298, 299[3] (Mo.App.1979); *Hutchinson Brothers Inc. v. R.H. Brownsberger*, 624 S.W.2d 538, 541[5] (Mo.App.1981). Therefore, Ohlendorf's request for damages pursuant to Mo.R.Civ.P. 84.19 is denied.

The decision of the trial court denying attorney's fees to Gross is affirmed.

STEPHAN, C.J., and SIMON, P.J., concur.