ESTATE OF Darryl S. CANNAMORE, Jr., Minor,

Thomas S. Arras, Successor Conservator, Petitioner,

v.

Marie Louise Green, Respondent,

and

Lumbermen's Mutual Casualty Company, Respondent/Third–Party Plaintiff/Appellant,

v.

Nationsbank, N.A., now known as, Bank of America, N.A., Third–Party Defendant/Respondent.

No. ED 78126.

Missouri Court of Appeals, Eastern District, Division Two.

May 1, 2001.

Bernard A. Reinert, St. Louis, MO, for appellant.

Jeana D. McFerron, Daniel Elliot Claggett, St. Louis, MO, for respondent.

CRANDALL, Judge.

Third-party plaintiff, Lumbermen's Mutual Casualty Company (hereinafter Lumbermen's), appeals from the judgment of the trial court denying its motion for attorney's fees against third-party defendant, NationsBank, N.A., now Bank of America (hereinafter Bank). We affirm.

In March 1998, defendant, Marie Louise Green (hereinafter Green), was appointed conservator of her minor grandson, Darryl Steven Cannamore Jr. (hereinafter Cannamore). Lumbermen's posted bond as surety for Green, "conditioned that ... [she] faithfully perform the duties of the trust required of him/her under said appointment." In July 1998, an inventory of Cannamore's property indicated that it consisted of two certificates of deposit at Bank, totaling $102,735.28. Bank executed depository agreements for the two "limited access accounts" (hereinafter accounts), requiring a written order of the probate division of the circuit court as a prerequisite to withdrawing any money.

In July 1999, Green was ordered to show cause why the court should not revoke her letters of conservatorship and remove her as conservator for her failure to properly account for funds in the accounts. Green resigned as conservator, admitting that she withdrew $16,652.00 from the accounts. She repaid $10,000.00 of it. In August 1999, the court removed Green as conservator and appointed the public administrator as successor conservator.

The successor conservator brought an action against Green and Lumbermen's, seeking to hold them jointly and severally liable for damages as a result of Green's breach of fiduciary duty. Lumbermen's made demand upon Bank to provide a defense. Bank did not respond. Lumbermen's then brought a third-party action against Bank, alleging that Bank permitted the withdrawals from the accounts without court authorization in violation of the depository agreements.[1] It sought damages in the amount of its liability to the successor conservator, plus attorney's fees, costs, and litigation expenses. Bank cross-claimed against Green. The court

---

**1.** Lumbermen's filed its motion under Rule 41.01(b) to have its action treated as an ordinary civil action and to allow it to file a third-party petition against Bank. The right of Lumbermen's to proceed in a third-party action under Rule 52.11 is not challenged on appeal.

found that Green was liable for $9,030.00. Bank paid that amount to the successor conservator, relieving Green of liability; and dismissed its cross-claim against Green. Lumbermen's then filed a motion for attorney's fees and expenses against Bank in the amount of $7,405.21. The trial court denied that motion without explanation.

Lumbermen's sole point on appeal is that the trial court erred in denying its motion for attorney's fees and expenses because Bank had a duty, under the terms of the depository agreements, to defend Lumbermen's and to hold it harmless for, among other things, any expenses incurred in litigation.

■ Missouri courts adhere to the "American rule" which states that, ordinarily, litigants must bear the expense of their own attorney's fees. *Lett v. City of St. Louis*, 24 S.W.3d 157, 162 (Mo.App. E.D.2000). Attorney's fees may be awarded to a litigant only where they are provided for by statute or by contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the attorney's fees are incurred because of involvement in collateral litigation. *Id.*

■ Lumbermen's argues that the collateral litigation exception applies.[2] For a party to recover under the collateral litigation exception, that party must have incurred the fees as a result *of suing, or being sued by, an outside third party.* *Reed v. Reed.* 10 S.W.3d 173, 182 (Mo.App. W.D.1999). Further, where the natural and proximate result of a wrong or breach of a duty is to involve the wronged party in collateral litigation, reasonable attorney's

fees necessarily and in good faith incurred in protecting itself from the injurious consequences thereof are proper items of damages. *Ohlendorf v. Feinstein,* 697 S.W.2d 553, 556 (Mo.App.1985).

■ Here, it is questionable whether the collateral litigation exception applies. Lumbermen's did not incur the fees merely as a result either of being sued by the successor conservator or of bringing a third party action against Bank. Under the terms of the bond, Lumbermen's was obligated to pay the successor conservator for any loss to the accounts as a result of Green's wrongful acts. *See State ex rel. Webb v. Hartford Cas. Ins. Co.,* 956 S.W.2d 272, 274 (Mo.App. W.D.1997). Lumbermen's liability, as surety, was secondary to Green's; and it was required to pay the successor conservator only in the event that Green, the principal, was found liable to pay and did not do so. *See Lindsey Masonry Co., Inc. v. Jenkins & Assoc., Inc.,* 897 S.W.2d 6, 17 (Mo.App. W.D.1995). Because Green acted wrongfully in failing to account for funds taken from the accounts, Lumbermen's liability for her acts was vicarious. Thus, the plaintiff-successor conservator was not an outside third party to the litigation as to Lumbermen's, because Lumbermen's stood in the place of defendant-Green as to liability for the wrongful actions with regard to the accounts.

■ Even assuming that the collateral litigation exception applies in the instant action, the court has substantial discretion to determine whether to grant or to deny attorney's fees. *Ohlendorf,* 697 S.W.2d at 555. In viewing the trial court's denial of attorney's fees, we view the evidence with great deference toward the court. *Id.*

2. In its reply brief, in two separate points, Lumbermen's raises different theories for Bank's liability for the attorney's fees. No new theory may be interjected for the first time by way of a reply brief. *Morris v. Reed,* 510 S.W.2d 234, 238 (Mo.App.1974). We therefore do not address the issues raised in the reply brief on appeal.

Here, both Bank and Green acted wrongfully with regard to the accounts. Under those circumstances, the court reasonably could have determined that each party was to pay its own attorney's fees, especially in light of the fact that Lumbermen's was surety for Green. Lumbermen's point on appeal is denied.

The judgment of the trial court is affirmed.

AHRENS, P.J., and JAMES R. DOWD, J., concur.